UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN JOHN LEONHARDT,

    Plaintiff,

v.                                        CASE NO.: 8:11-cv-1988-T-23TBM

GEICO CASUALTY COMPANY and
SONYA MASHBURN,

    Defendant.
                                         /

## **ORDER**

While driving, Christian John Leonhardt was hit by another car. Leonhardt sued the driver and the owner of the other car and obtained an $800,000 judgment. Geico Casualty Company insured the driver and the owner to the extent of $10,000 for bodily injury to each person in an accident (up to $20,000), plus $10,000 for property damage. The liable driver and car owner assigned any claim against Geico to Leonhardt, who in state court sued (Doc. 2) Geico and Sonya Mashburn, a claims adjuster employed by Geico. Mashburn's presence as a defendant eliminates diversity of citizenship, but Geico removes (Doc. 1) in the belief that Mashburn is fraudulently joined. Geico moves (Doc. 4) to dismiss Mashburn, and Leonhardt moves (Doc. 8) to remand.

In Count One Leonhardt asserts that Geico in bad faith failed to accept or achieve an available and reasonable settlement offer within the policy limit and consequently permitted the insured to suffer a judgment exceeding the policy limit. In Count Two Leonhardt sues Mashburn for fraud and deceit on the ground that Mashburn knowingly

understated Leonhardt's property damage and attempted to convince Leonhardt that the policy limit toward Leonhardt was $10,000 rather than $20,000. Finally, in Count Three Leonhardt sues Geico and Mashburn for civil conspiracy to achieve the objective alleged in Count Two.

Geico removes under 28 U.S.C. § 1332(a), which entitles a state court defendant to remove an action if more than $75,000 is in dispute and no plaintiff and defendant reside in the same state. Both the plaintiff, Leonhardt, and the defendant Mashburn reside in Florida, but Geico's right to remove based on diversity jurisdiction is not defeated if Leonhardt fraudulently joined Mashburn. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998); Jones v. Honeywell Intern., Inc., 385 F.Supp.2d 1268, 1269-71 (M.D. Fla. 2005). "Fraudulent joinder" can occur without "fraud," specifically, if a plaintiff names a defendant who eliminates diversity but against whom a successful action in state court is impossible. Triggs, 154 F.3d at 1287; Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998); cf. Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (explaining that an "obviously frivolous" cause of action fails to engage the jurisdiction of a federal court). Geico argues that both of Leonhardt's claims against Mashburn are futile. The question, therefore, is whether Geico can demonstrate clearly and convincingly that Leonhardt cannot possibly succeed with either claim. Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281, 1283 (11th Cir. 2006); Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962); Katz v. Costa Armatori, S.P.A., 718 F.Supp. 1508, 1510 (S.D. Fla. 1989). Even if Leonhardt's success against Mashburn

would defy a reasonable expectation, the colorable possibility of success compels remand.

Analysis of the fraud and deceit claim suffices. Fraud and deceit requires "that 1) the defendant made a representation on which the plaintiff was meant to act; 2) the defendant knew the representation was false; and 3) the plaintiff relied on the representation to his detriment." Schauer v. General Motors Acceptance Corp., 819 So.2d 809, 813-14 (Fla. 4th DCA 2002) (citing Am. Intern. Land Corp. v. Hanna, 323 So.2d 567, 569-70 (Fla. 1975)); see also Zarrella v. Pacific Life Ins. Co., --- F.Supp.2d. ---, 2011 WL 3666587, *7 (S.D. Fla. 2011) (Cohn, J.). Geico concedes that Mashburn is susceptible to direct and individual liability for an intentional tort, including a fraud. See Howard v. Crawford and Co., 384 So.2d 1326 (Fla. 1st DCA 1980); see also King v. Nat'l Sec. Fire and Cas. Co., 656 So.2d 1338 (Fla. 4th DCA 1995); Lyle v. Nat'l Sav. Life Ins. Co., 558 So.2d 1047, 1048 (Fla. 1st DCA 1990); Blake v. Munce, 426 So.2d 1175, 1178 n.2 (Fla. 5th DCA 1983). However, under Rule 1.120(b), Florida Rules of Civil Procedure, a plaintiff must allege fraud with particularity, and Geico notes that the complaint contains only a conclusory assertion that Leonhardt allegedly conducted negotiations directly with Mashburn and relied on Mashburn "to his detriment . . . with respect to the benefits that were payable under the insurance policy." (Doc. 2 at 8) Also, conflicting with the bare assertion of detriment is the complaint's apparent acknowledgment that Leonhardt never acted based on Mashburn's alleged deceit. The complaint states that Mashburn "attempt[ed] to deceive [Leonhardt] into extinguishing his [claims] in exchange for [only] $10,000" and that Mashburn "attempt[ed] to deceive [Leonhardt] as to the value of the damages for the Property Damage." (Doc. 2 at 7-8)

The complaint is unambiguous (1) that Leonhardt never accepted Mashburn's alleged offer to settle and consequently "extinguish" his claims and (2) that instead of relying on Mashburn's estimate of property damage, Leonhardt sued and a jury measured overall damages, including property damage, at $800,000. The claim against Mashburn for fraud and deceit is perhaps inartfully or minimally or, at least, evasively pleaded.

The demonstration of fraudulent joinder, however, requires more than the demonstration of an inartfully pleaded or even an improbable claim against the non-diverse party. Fraudulent joinder requires demonstration of an irredeemably defective claim. Leonhardt's claim against Mashburn for fraud and deceit is not barred as a matter of law – for instance, by immunity or a contractual release or a limitation statute. Nor does Leonhardt allege facts that render the fraud and deceit claim sufficiently implausible to warrant dismissal with prejudice. Hence, had Geico moved to dismiss for failure to state a claim, at worst Leonhardt would receive an opportunity to cure the anemic and somewhat discrepant factual allegations in the complaint. Almost by definition, this means that the fraud and deceit claim remains, at least, "possible." See Hart v. Bayer Corp., 199 F.3d 239, 246-48 & n.6 (5th Cir. 2000) (rejecting a fraudulent joinder claim even though the complaint failed to allege fraud with sufficient particularity); Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d Cir. 1992); Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F.Supp.2d 177, 182-83 (S.D.N.Y. 2003); Jamison v. Kerr-Mcgee Corp., 151 F.Supp.2d 742, 748 n.8 (S.D. Miss. 2001) ("[t]he fact that the non-diverse defendants are dismissible will not serve to meet the legal impossibility test for fraudulent joinder; there must be no chance of success").

Leonhardt may benefit momentarily from a largely "form" pleading; he gains his objective, remand, not because the complaint convincingly alleges fraud but rather because the complaint manages, if nothing else, to preclude Geico's demonstrating the impossibility of fraud. Geico fails to demonstrate clearly and convincingly that an adjuster, who undertakes to deal directly with an injured third-party claimant, commits no possibly actionable wrong against the third-party if the adjuster (1) intentionally misrepresents to the third-party the amount of the damages and the amount of the available insurance coverage for a covered claim against the insured or (2) conspires with the insurer to misrepresent intentionally the amount of the available insurance coverage, in either instance with the objective of inducing the third-party (1) to rely to the third-party's detriment on the misstatement and (2) to resolve a claim for less than the amount for which the third-party otherwise would have resolved the claim if the adjuster acted in good faith.[*]

The motion (Doc. 8) to remand is **GRANTED** and the action is **REMANDED**. The clerk is directed to (1) mail a certified copy of this order under 28 U.S.C. § 1447(c) to the clerk of the Circuit Court for Sarasota County, Florida; (2) terminate any pending motion; and (3) close the case.

ORDERED in Tampa, Florida, on October 28, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The obviously problematic assertion that, if a claim is available and proven, the damages are $800,000 rather than $20,000 is beyond the scope of this order.

- 5 -